IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00781-GPG

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

WARDEN CHAPDELANE, Sterling Corr. Facility, Official and Individual Capacities,
CAPTAIN FELICIA BROOKS, Sterling Corr. Facility Kitchen Manager, Official and
    Individual Capacities,
LT. STEVEN BADE, Sterling Corr. Facility Hearings Disciplinary Officer, Official
    and Individual Capacities, and
OFFICE CLARK, Sterling Corr. Facility Correctional Officer, Official and Individual
    Capacities,

    Defendants.

---

ORDER TO FILE AN AMENDED PRISONER COMPLAINT

---

Plaintiff Christopher M. Orwig is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

Plaintiff asserts three claims. In the first claim, Plaintiff asserts that his First, Fourteenth, and RLUIPA rights to freely exercise his religious beliefs and practices have been violated. In Claim Two, Plaintiff asserts that his First Amendment right to be free from retaliation for attempting to practice and exercise his beliefs was violated. In claim Three, Plaintiff asserts that Lt. Wagner told him the doctrine of his religion was

1

unacceptable and he was welcome to attend the Christian services provided at the Sterling Correctional Facility.  Plaintiff seeks money damages and injunctive relief.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will direct Plaintiff to file an amended prisoner complaint.

First, Plaintiff must assert personal participation by a **named defendant** in the alleged constitutional violation.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff does not name Lt. Wagner as a defendant in the caption of the Complaint or in the Parties section of the Complaint form.  If Plaintiff intends to proceed with claims against Lt. Wagner he must name him as a defendant in the caption of the Complaint and in the Parties section of the form.

Second, supervisors, such as Warden Chapdelane, can only be held liable for their own misconduct.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

2

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

The Court also observes that "defendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.' "  *See Dodds*, 614 F.3d at 1200-1201 (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior, *see Iqbal*, 556 U.S. at 676, because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation," *Fogarty*, 523 F.3d at 1162.  A public official is liable only for his own misconduct, *Iqbal*, 556 U.S. at 676, and Plaintiff must plead with plausibility that not only an official's subordinates violated the constitution but the named official acted by "virtue of his own conduct and state of mind." *Dodds*, 614 F.3d at 1198 (citing *Iqbal*, 556 U.S. at 677).  To establish a claim under § 1983, a plaintiff must show more than "a supervisor's mere knowledge of his subordinate's conduct."  *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 677).

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Third, to establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.   Plaintiff must use a Court-approved form to file the amended prisoner complaint.   It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended prisoner complaint that complies with this Order the Court will address the claims as stated in the original Complaint pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED at Denver, Colorado, this   8th   day of    April   , 2016.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge