IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00781-PAB-CBS

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

WARDEN CHAPDELANE, Sterling Corr. Facility Warden
(Official & Individual Capacity),
CAPTAIN FELICIA BROOKS, Sterling Corr. Facility Kitchen Manager
(Official & Individual Capacity),
Lt. STEVEN BADE, Sterling Corr. Facility Hearings Disciplinary Officer
(Official & Individual Capacity),
Officer Clark, Sterling Corr. Facility Correctional Officer
(Official & Individual Capacity),
LT. WAGNER, Sterling Corr. Facility Religous [sic] Programs Volunteer Coordinator
(Official & Individual Capacity),
MAJOR JEFFREY REVORD, Sterling Corr. Facility Food Service
(Official & Individual Capacity), and
MAJOR ROBERT KEISEL, Sterling Corr. Facility Custody Control Manager
(Official & Individual Capacity),

    Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's Motion for Temporary Restraining Order [Docket No. 26]. In light of plaintiff's *pro se* status, the Court will construe plaintiff's motion liberally, but will not advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Christopher M. Orwig is an inmate at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). On April 4, 2016, he filed a complaint alleging that his right to free exercise of religious beliefs was violated because he is not allowed to carry a pocket-sized King James Version of the Bible wherever he goes at SCF. Docket No. 1 at 5-7. Mr. Orwig claims it is a religious requirement that he carry this Bible on his person. Docket No. 26 at 1. Plaintiff seeks, *inter alia,* injunctive relief allowing him to carry his pocket Bible "at all times" and ordering that SCF's staff "undergo thorough religious sensitivity classes." Docket No. 6 at 11.

On November 3, 2016, plaintiff filed a motion for a temporary restraining order against "the staff and employees of Sterling Correctional Facility and the Colorado Department of Corrections, restraining them from attempting to prohibit him from carrying his pocket Bible anywhere and everywhere inside of SCF or any other CDOC facility, until such time as this case has been decided in full." Docket No. 26 at 2-3. Plaintiff admits that this is "essentially the same injunctive relief contained in his Complaint." Docket No. 28 at 2. Plaintiff's reason for this motion is that he was unable to attend a Vocational Awards Graduation Ceremony on October 19, 2016 because he was allegedly prohibited from bringing his pocket Bible with him. Docket No. 26 at 1. Plaintiff alleges that his practice of carrying his pocket Bible at all times "has generally been honored by the staff of SCF" except on two occasions. Docket No. 28 at 10. The other occasion was when SCF staff allegedly denied plaintiff the ability to bring his pocket Bible to work in the SCF kitchen on December 1, 2015. Docket No. 6 at 4-5.

2

To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co.*, 552 F.3d at 1208 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir.1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Morever, because "the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). Injunctions that disturb the status quo alter the parties' existing relationship. *Id*. "The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and

relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." *Id*. at 1259. Because Mr. Orwig seeks injunctive relief that would provide him the relief he seeks in his complaint, he is required "to make a heightened showing of the four factors." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208-09 (10th Cir. 2009); *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

The Court finds that Mr. Orwig fails to demonstrate that he is entitled to a temporary restraining order because he cannot show irreparable harm. A showing of "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp*., 356 F.3d 1256, 1260 (10th Cir. 2004). To constitute irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).

Plaintiff argues that, when he was allegedly prevented from taking his Bible to the graduation ceremony, he was denied an opportunity to receive "free graduation photographs" and feel "a sense of pride and achievement from walking in the ceremony." Docket No. 26 at 2. He also contends that, if he is not allowed to "carry his Bible to the chow hall, he will be unable to eat" leading to "eventual death due to starvation." Docket No. 28 at 3. Likewise, Mr. Orwig argues that he may be unable to attend parole hearings leading to "unnecessary and prolonged incarceration due to his faith and it's [sic] practices." *Id*.

The Court finds that these alleged harms fail to demonstrate irreparable harm. Plaintiff admits that he is generally allowed to carry his pocket Bible and that there have only been two incidents since December 2015 when he was not allowed to carry his pocket Bible.  Docket No. 28 at 10.  Although plaintiff claims that he was denied free photographs and a chance to enjoy the graduation ceremony as a result of the October 19, 2016 incident, Docket No. 26 at 2, this type of injury does not rise to the level of irreparable harm, particularly under the elevated standard applied to disfavored injunctions.  *Schrier*, 427 F.3d at 1267 (even "serious or substantial harm is not irreparable harm").  Plaintiff's other alleged harms, starvation and the inability to attend parole hearings, are speculative in light of plaintiff's admission that he is generally allowed to carry his pocket Bible and lack the imminence necessary to warrant a temporary restraining order given that plaintiff does not identify any incident in which he or any other inmate was denied the opportunity to eat or attend a parole hearing[1] because he was carrying a religious text.  See *Heideman*, 348 F.3d at 1189 ("[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." (brackets, alterations, and emphasis in original) (citation omitted)). As a result, plaintiff fails to show irreparable harm, which results in denial of his motion. *See Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434 at *3 (D. Colo. Jan. 3, 2013) (where plaintiff fails to demonstrate a likelihood that she will

---

[1] Plaintiff also fails to indicate if and when has an upcoming parole hearing.

suffer irreparable harm in the absence of a temporary restraining order, "[t]he Court need not reach the other factors of the inquiry.").

## II. CONCLUSION

Accordingly, it is **ORDERED** plaintiff's Motion for Temporary Restraining Order [Docket No. 26] is **DENIED**.


DATED January 6, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge