**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00781-PAB-MLC

CHRISTOPHER M. ORWIG,

    Plaintiff,

v.

FELICIA BROOKS, Sterling Corr. Facility Kitchen Manager, in her Official & Individual Capacity, *et al.*

    Defendants.

---

**OPPOSED MOTION TO AMEND COMPLAINT & REQUEST FOR LEAVE TO FOREGO THE REQUIREMENTS OF D.C.COLO.LCivR 15.1(a) REGARDING REDLINE OF CHANGES**

---

Plaintiff Christopher M. Orwig, by and through his attorney, Julian G.G. Wolfson of the LAW OFFICE OF JULIAN G.G. WOLFSON, LLC, herby submits the following in support of his Motion:

### CERTIFICATION PURSUANT TO D.C.COLO. LCIVR. 7.1

1. Counsel for Plaintiff, Julian G.G. Wolfson, hereby certifies that he conferred with Jennifer Huss, counsel for Defendants, via email on December 22, 2017, who stated that Defendants oppose the relief sought herein.

### BACKGROUND

2. Plaintiff's Complaint was originally filed *pro se* on April 4, 2016. [Doc. 1].

3. On April 8, 2016, the Court ordered Plaintiff to file an Amended Complaint to fix various deficiencies associated with his initial Complaint. [Doc. 5].

4. Based on the Court's April 4 order, Plaintiff filed an Amended Complaint on April 25, 2016. [Doc. 6].

5. On July 18, 2016, Defendants filed a Motion to Dismiss all claims. [Doc. 14].

6. On February 16, 2017, Magistrate Judge Shaffer issued a recommendation granting Defendants' Motion to Dismiss in its entirety. [Doc. 30].

7. On March 17, 2017, after Plaintiff had filed an objection, the Court accepted in part and reserved in part Magistrate Judge Shafer's recommendation. [Doc. 32].

8. Mr. Wolfson was appointed by the Court's Civil Pro Bono Panel to serve as Plaintiff's attorney on September 1, 2017. [Doc. 36].

9. In anticipation of Mr. Wolfson's representation, Plaintiff filed a Motion to Extend Discovery on October 11, 2017. [Doc. 43].

10. On October 13, 2017, Mr. Wolfson enter an appearance on behalf of Plaintiff. [Doc. 45].

11. Days later, on October 16, 2017, the Court granted Plaintiff's Motion to Extend Discovery and provided Plaintiff up until January 31, 2018 to conduct discovery. [Doc. 46].

12. Approximately one month later, on November 7, 2017, Plaintiff was transferred from the Sterling Correctional Facility to the Cheyenne Mountain Reentry Center in Colorado Springs, Colorado, where he currently remains incarcerated.

## LEGAL STANDARD

13. The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

14. The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman*, 371 U.S. at 182.

15. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315.

## **ARGUMENT**

16. Plaintiff largely wishes to amend his Complaint in order to add Rick Raemisch, the Executive Director of the Colorado Department of Corrections, as a Defendant in his official capacity.

17. Plaintiff seeks to add Mr. Raemisch as a Defendant in light of Plaintiff's recent transfer from the Sterling Correctional Facility to the Cheyenne Mountain Reentry Center, as such transfer *may* have rendered his claims for injunctive relief moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-29 (10th Cir. 2011) ("When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness").

18. In attempt to ensure that Plaintiff's claims for injunctive relief are not moot, Plaintiff seeks to add Mr. Raemisch as a defendant, as he is in the unique position of being able to effectuate the prospective relief sought by Plaintiff. *Id.* at 1028 ("Critically, in

determining that the transferred prisoner' claims for declaratory or injunctive relief were not moot, […] courts have focused upon the fact that the prisoners had sued defendants who were actually situated to effectuate any prospective relief that the courts might see fit to grant—*viz*., that the prisoners had sued the director of the prison system or the prison system itself").

19. Additionally, Plaintiff seeks to amend his Complaint in order to ensure that all of the necessary details and factual allegation are provided to the Court.

20. Plaintiff's initial Complaint and First Amended Complaint were filed *pro se* without the assistance of counsel. As a result, these Complaints omitted certain key facts, which counsel believes will better assist both the Court and the parties in attempting to resolve this matter.

21. In light of Plaintiff's recent transfer to the Colorado Mountain Reentry Center and the fact that counsel was not entered on this case until October 13, 2017, it is clear that Plaintiff has not unduly delayed in seeking leave to further amend his Complaint.

22. Plaintiff does not move to amend his Complaint in bad faith or with dilatory motive.

23. No party will be prejudiced by the relief sought herein.

### REQUEST FOR LEAVE TO FORGO THE REQUIREMENTS OF D.C.COLO.LCIVR 15.1(A)

24. Finally, Plaintiff requests leave to forgo the requirements of D.C.COLO.LCivR 15.1(a), which mandate that plaintiffs file a red-lined version of their previous complaint alongside their newly amended complaint.

25. Plaintiff's initial and First Amended Complaint were file *pro se* without the assistance of counsel.

26. While Plaintiff's initial and First Amended Complaints were typed, they have been saved in a format that does not allow counsel to generate a red-lined version.

27. Plaintiff does not intend to submit a redlined version, and requests leave to forego this requirement.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested in the foregoing motion, accept as filed Plaintiff's Second Amended Complaint attached as **Exhibit 1**, and provide any other relief that is deemed just and proper.

Respectfully submitted this 31st day of December 2017.

LAW OFFICE OF JULIAN G.G. WOLFSON, LLC

*/s/ Julian G.G. Wolfson*
Julian G.G. Wolfson
1630 Welton Street #413
Denver, CO 80202
720-507-5133
jwolfsonlaw@gmail.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December 2017, a true and correct copy of the foregoing **OPPOSED MOTION TO AMEND COMPLAINT & REQUEST FOR LEAVE TO FOREGO THE REQUIREMENTS OF D.C.COLO.LCivR 15.1(a) REGARDING REDLINE OF CHANGES** was served to the following email address:

Jennifer Susan Huss
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6602
720-508-6032 (fax)
jennifer.huss@coag.gov

ATTORNEY FOR DEFENDANTS

-6-

*/s/ Julian G.G. Wolfson*