IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00781-PAB-MLC

CHRISTOPHER M. ORWIG,

      Plaintiff,

v.

CAPTAIN FELICIA BROOKS, Sterling Corr. Facility Kitchen Manager, Official & Individual
Capacities,
LT. STEVEN BADE, Sterling Corr. Facility Hearings Disciplinary Officer, Official &
Individual Capacities, and
OFFICER CLARK, Sterling Corr. Facility Correctional Officer, Official & Individual
Capacities.

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT (DOC. 55)**

---

Defendants Brooks, Bade, and Clark, through the Colorado Attorney General, hereby

respond to Plaintiff's Motion to Amend Complaint (Doc. 55, filed December 31, 2017).[1]

**PRELIMINARY STATEMENT**

Plaintiff Orwig is an inmate of the Colorado Department of Corrections (CDOC).  This

lawsuit concerns Orwig's claims that the Defendants violated the First Amendment and

Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).  *See* Amended

Complaint, Doc. 6 at 4-9.  Orwig filed his original Complaint on April 4, 2016 (Doc. 1), and an

Amended Complaint on April 25, 2016 (Doc. 6).  Orwig's alleges that he was not permitted to

---

[1] Defendants do not object to the portion of Plaintiff's Motion requesting that the redlining
requirements be waived, and will not address this issue in their response.

bring his Bible to his job in the kitchen at the Sterling Correctional Facility (SCF), which resulted in his termination and conviction for a Code of Penal Discipline (COPD) offense for Failure to Work.  Doc. 6 at 4-5.  Orwig's Bible was confiscated in the SCF kitchen on December 1, 2015, and he was convicted of Failure to Work on January 8, 2015.  *Id.*  Orwig's Bible was taken because it was considered personal property, or reading material, and not permitted pursuant to the kitchen's Posted Operational Rules.  *Id.* at 7.

As relief, Orwig requested monetary damages and injunctive relief, including that he be able to carry his Bible with him at all times; that his COPD conviction be overturned and his "good time" restored; and that CDOC corrections officers be required to undergo religious sensitivity classes.  *Id.* at 11.

Orwig, who is now represented by counsel, moves for leave to file a proposed Second Amended Complaint (SAC), primarily to add CDOC Executive Director Rick Raemisch as a defendant in his official capacity, and to include injunctive relief to prevent Mr. Raemisch, or any of his employees from "applying the Code of Penal Discipline and/or AR #150-01 in a manner that violates Plaintiff's rights under the First Amendment or the Religious Use Land and Institutionalized Persons Act."  Doc. 55-1 at 13.  Orwig also requests that the CDOC or Mr. Raemisch provide him with "eight (8) days of good time served."  *Id.*

Orwig was transferred from SCF to the Cheyenne Mountain Re-entry Center (CMRC), a private prison facility, on November 7, 2017.  *Id.* at 9.  He asserts that this transfer may have rendered his injunctive claims moot, and that one of the purposes of filing the proposed SAC is to maintain injunctive relief.  Doc. 55 at 3-4.

2

**STANDARD OF REVIEW**

Fed. R. Civ. P. 15(a) provides, in pertinent part, that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While "leave shall be freely given when justice so requires," *Id.*, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971).

Leave to amend can be denied for several reasons, including undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Frank v. U.S. West*, 3 F.3d 1357 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' [or] to present 'theories seriatim' in an effort to avoid dismissal." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Futility can be found if the proffered amendments would not withstand a motion to dismiss. *See Ketcham v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

# ARGUMENT

## I.   The claims against Mr. Raemisch are futile because they are barred by the statute of limitations.

A complaint may be dismissed under Rule 12(b)(6) if the complaint, "on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999).

Claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations set forth in § 13-80-102, C.R.S.  *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).  The determination of when § 1983 actions accrue is controlled by federal law, rather than state law, and they accrue "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).  "In particular, a civil rights action accrues when [the] facts that would support a cause of action are or should be apparent." *Alexander v. Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004).

An injury, in the context of a civil rights claim, is the violation of a constitutional right. *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998).  Accordingly, a § 1983 claim accrues when the plaintiff knew or should have known that his or her constitutional rights have been violated.  *Id.*  A plaintiff "need not know the full extent of his injuries before the statute of limitations begins to run." *Indus Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir. 1994).  Detailed knowledge of the level of culpability of each of the involved persons is not required.  *Alexander,* 382 F.3d at 1216.  Further, the statute of limitations is not triggered by the continuing adverse effects from an injury, otherwise the statute of limitations would never run.  *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984).

4

The triggering constitutional injury alleged by Orwig's was the confiscation of his Bible on December 1, 2015. *See* Doc. 6 at 4-5. Orwig claims he could not bring his Bible into the kitchen where he worked, because personal property/reading material was not permitted. *Id.* at 4. Orwig's Bible was confiscated by Defendant Clark, and he was told by Defendant Brooks to report back to work. *Id.* Orwig refused and was terminated from his job. *Id.*

The basis of Orwig's case is that he was not permitted to carry his Bible on his person in violation of the First Amendment and RLUIPA. Thus, Orwig's claims accrued when his Bible was taken on December 1, 2015, since this was the moment in time when his constitutional rights were allegedly violated and he could have filed a lawsuit. *Smith,* 149 F.3d at 1154. While Orwig was later charged with and convicted of a COPD violation in early January, this date does not serve as the accrual date for the purpose of the statute of limitations. Orwig's COPD conviction was a later consequence of his refusal to work due to the confiscation of his Bible occurring on December 1, 2015, about which Orwig was already aware. *See Indus Constructors Corp.,* 15 F.3d at 969.[2]

Based on the foregoing, the statute of limitations for Orwig's claims expired on December 1, 2017. *Blake*, 997 F.2d at 751. Orwig's proposed SAC, filed on December 31, 2017, is therefore barred by the statute of limitations as to Mr. Raemisch.

## II.    The claims against Mr. Raemisch do not relate back to the original Complaint.

Fed. R. Civ. P. 15(c)(1)(C) applies to the addition of new *parties* after the statute of limitations has run on proposed new claims. *See Pierce v. Amaranto,* 276 Fed. Appx. 788, 792

---

[2] Orwig was apparently aware of his impending COPD charges on December 1, 2015, since he alleges that he requested the video of the incident be saved. *See* Doc. 6 at 5.

(10th Cir. Okla. 2008) (unpublished, attached hereto as Exhibit A).  Under Rule 15(c), an

amended complaint refers back to the filing of the original complaint when:

> The amendment changes the party or the naming of the party
> against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
> and if, within the period provided by Rule 4(m) for serving the
> summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced
> in defending on the merits; ***and*** (ii) knew or should have known
> that the action would have been brought against it, but for a
> mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

The Tenth Circuit has been clear that "a plaintiff's lack of knowledge of the intended

defendant's identity is not a 'mistake concerning the identity of the proper party.'" *Garrett v.

Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04

(11th Cir. 1999)).  Amendments under Fed. R. Civ. P. 15(c) relate back "only to the matters

relating to the original parties of the complaint, or to correct a misnomer or a misdescription of

defendant, and not to add or substitute a new party defendant."  *Graves v. General Ins. Corp.*,

412 F.2d 583, 585 (10th Cir. 1969).  The addition or substitution of a new party who had no

notice of the original action creates a new cause of action and does not relate back.  *Id.*

Orwig is not attempting to correct a misnomer or misdescription of a Defendant.  On the

contrary, Orwig wishes to add Mr. Raemisch as a wholly new Defendant in order to maintain

certain injunctive relief.  Doc. 55 at 3-4.  Mr. Raemisch is the Executive Director of the CDOC,

and there is nothing in the Orwig's Motion to suggest there was a mistake concerning his

identity.  In addition to Defendants Brooks, Bade, and Clark, Orwig's Complaint was originally

filed against former SCF Warden Chapdelaine, SCF Religious Programs Volunteer Coordinator

6

Lt. Wagner, and SCF Facility Custody Control Manager Keisel. *See* Doc. 6 at 1. These Defendants were chosen for specific and particular reasons, and there is nothing to indicate that Mr. Raemisch was the intended Defendant but for a mistake in his identity.

In addition, there is nothing in Orwig's Motion or Complaint to support that Mr. Raemisch had notice of the lawsuit, or knew or should have known that but for a mistake concerning his identity, the action would have been brought against him. Orwig's claims do not relate back to the original Complaint, and permitting such would "undermine the policy upon which the statute of limitations is based." *Graves*, 412 F. 2d at 585.

## II.     In the alternative, the proposed injunctive claims against Mr. Raemisch are futile because they are subject to dismissal.

### A.     Orwig's injunctive claim regarding the COPD or carrying his Bible.

Orwig maintains that he wishes to add Mr. Raemisch as a Defendant in order to obtain injunctive relief that may be moot, and stems from his more recent incarceration at CMRC.[3] *See* Doc. 55 at 3-4. Orwig's statement that his injunctive relief may be moot appears to relate to Orwig's request that he be permitted to carry his Bible with him at all times. *See* Doc. 6 at 11. During his deposition, Orwig was asked whether he was having any problems with his ability to carry his Bible on his person at CMRC. *See* Exhibit B, deposition transcript at 57:22-25. Orwig replied, "No, I haven't had any problems with it. . ." *Id.* at 58:1. Orwig later referred to a book

---

[3] Any new alleged violations occurring at CMRC would involve new parties and would require Orwig to exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), and file a new complaint.

and to the "house rules" that discussed restrictions on an offender's ability to wear "personal faith property," but testified that these rules did not include reading materials. *Id.* at 58-59:5-3.

Accordingly, Orwig's current injunctive relief concerning carrying his Bible on his person is moot, since his current facility, CMRC, appears to permit him to do so pursuant to his own deposition testimony. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). To the extent that the injunctive relief requested by Orwig concerning the application of the COPD in his proposed SAC is merely an attempt to salvage the injunctive relief concerning carrying his Bible, it would also be rendered moot.

Even if the proposed injunctive relief can be interpreted as pertaining to other potential constitutional harm related to the COPD, Orwig's relief is also deficient and subject to dismissal. Orwig requests in the proposed SAC that the COPD/AR 150-01 not be applied in a manner that violates Orwig's First Amendment rights or RLUIPA. Doc. 55-1 at 13. However, this case only concerns Orwig carrying his Bible on his person and receiving a COPD conviction at SCF. Any injunctive relief must be related to this purported constitutional injury. Orwig cannot make a vague, general request that his future constitutional and federal statutory rights not be violated in a manner unrelated to the injury asserted in his Complaint, since he does not have standing to do so. *See, e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (U.S. 1992)(a plaintiff must demonstrate an actual or imminent injury to his own interests to have standing). Moreover, Orwig cannot show a "clear and present need for equitable relief to prevent irreparable harm," that is required to obtain injunctive relief. *See Heiderman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

8

In addition, corrections officers are already not permitted to violate inmates' First Amendment or RLUIPA rights, unless there is a legitimate or compelling governmental interest. *See, e.g. Turner v. Safley*, 482 U.S. 78, 84 (1987); *Cutter v. Wilkinson*, 544 U.S. 709 (2005); *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).  Finally, the Prison Litigation Reform Act only allows for prospective injunctive relief that is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C.A § 3626(a)(1)(A).  The broad relief requested here, which appears to be applicable to every prison employee, is therefore not cognizable under 18 U.S.C.A § 3626.

### B.    Injunctive claim regarding Orwig's good time.

Orwig also requests an injunction ordering the CDOC or Mr. Raemisch "to provide Plaintiff with eight (8) days of good time served."  Doc. 55-1 at 13.  Orwig claims the he lost eight days of good time due to his COPD conviction for Failure to Work.  *Id.* at 9.

Pursuant to C.R.S. § 17-22.5-301(1), 15 days of good time can be deducted from an inmate's sentence each month to be applied towards their parole eligibility date.  *See Rather v. Suthers,* 973 P.2d 1264, 1266 (Colo. 1999).  However, Orwig did *not* lose any good time credits as a result of this conviction.  *See* Exhibit C, Affidavit of Steven Bade, ¶¶ 6-7.  Rather, Orwig was sentenced to 10 days loss of privileges and eight days loss of good time, which was *probated* for 90 days.  *Id.* at ¶ 7; Attachment 2, Disposition of Charges.  A probated sanction is suspended for a period of time, and not implemented if the offender remains report free and does not incur any additional COPD charges.  *Id.* at ¶ 8.  Orwig remained report free and did not

9

incur any additional COPD charges.  *Id.;* Attachment 3, Orwig's COPD history.  Therefore,

Orwig's sanctions were never imposed.  *Id.*  He did not lose privileges or good time.  *Id.*

Alternatively, restoring any purported lost good time would have no practical effect on

Orwig's parole eligibility date.  This is because Orwig already reached his parole eligibility date

on January 9, 2017.  *See* Exhibit D, Offender Profile.  Based on the foregoing, any prospective

relief regarding Orwig's good time is moot.  *Lewis*, 494 U.S. at 477-78.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion

to Amend (Doc. 55) and proposed SAC (Doc. 55-1) be denied.

Respectfully submitted this 22nd day of January, 2018.

CYNTHIA H. COFFMAN
Attorney General

*s/ Jennifer S. Huss*
JENNIFER S. HUSS*
Assistant Attorney General
Civil Litigation and Employment Law Section

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: (720) 508-6599
Facsimile: (720) 508-6032
E-mail: jennifer.huss@coag.gov
*Attorneys for Defendants*
*Counsel of Record

**CERTIFICATE OF SERVICE**

This is to certify that I duly served the foregoing using the CM/ECF filing system at

Denver, Colorado, this 22nd day of January 2018, addressed as follows:

Julian G.G. Wolfson, LLC                                    Cc: Adrienne Jacobson, CDOC
1630 Welton Street, #413
Denver, CO 80202
jwolfsonlaw@gmail.com

*Attorneys for Plaintiff*


                                                            *s/ Jennifer S. Huss*