IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-0781-PAB-MLC

CHRISTOPHER M. ORWIG,

       Plaintiff,

v.

CAPTAIN FELICIA BROOKS, Sterling Corr. Facility Kitchen Manager, Individual Capacity;
LT. STEVEN BADE, Sterling Corr. Facility Hearings Disciplinary Officer, Individual Capacity;
OFFICER CLARK, Sterling Corr. Facility Correctional Officer, Individual Capacity;

       Defendants.

## RECOMMENDATION ON MOTION TO AMEND COMPLAINT

Magistrate Judge Mark L. Carman

    This matter comes before the court on Plaintiff Christopher M. Orwig's referred motion (doc. 55) to amend his first amended complaint and to forego the redlined version of his proposed second amended complaint under D.C.COLO.LCivR 15.1. Defendants Captain Felicia Brooks, Lieutenant Steven Bade, and Officer Clark oppose the proposed amendment. Doc. 57. As Defendants were able to argue their opposition without the benefit of a redlined version of the amendment, the court grants Plaintiff's request to forego the redline. For the reasons that follow, the court recommends[1] granting in part and denying in part Plaintiff's proposed amendment.

---

[1] Because the court's ruling will result in excluding certain claims from going forward, the court assumes its ruling is dispositive and requires a recommendation. *See, e.g., Fisher v. Koopman,* No. 15-cv-0166-WJM-NYW, 2015 WL 6502700, at *2 n.1 (D. Colo. Oct. 28, 2015), *aff'd,* 693 F. App'x 740 (10th Cir. 2017); *Estate of Roemer v. Shoaga,* No. 14-cv-01655-PAB-NYW, 2017 WL 1190558, at *7 (D. Colo. Mar. 31, 2017).

## I. BACKGROUND

At the time Plaintiff filed his *pro se* original and amended complaints, he was an inmate of Sterling Correctional Facility ("Sterling"). Doc. 1 (complaint filed April 4, 2016); Doc. 6 (amended complaint filed April 25, 2016). The court has dismissed some of Plaintiff's claims (Order of March 17, 2017, doc. 32), and Plaintiff has voluntarily dismissed some defendants. He currently has claims for injunctive relief under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the First Amendment against Captain Brooks, Lieutenant Bade and Officer Clark in their individual capacities.

Plaintiff alleges that his sincerely-held religious beliefs require him to keep his bible on his person. Doc. 6 at 4. At the time of the events at issue, he had been doing so for "well over one year." *Id.* On December 1, 2015, he reported to the Sterling kitchen for work; Officer Clark confiscated his bible; Captain Brooks informed him that a "POR" (posted operational rule) policy did not permit him to have his bible in the kitchen and ordered him to return to work without it; Plaintiff attempted to do so but experienced distress and refused to continue; he was "written up," fired from his job, and threatened with being put in restricted population for refusing to work without his bible. He further alleges that Lieutenant Bade convicted him of violating the Colorado Department of Correction's ("CDOC") Code of Penal Discipline ("COPD"), AR #150-01, for "failure to work" and was assessed a loss of 10 days good time. Doc. 6 at 8.

Since filing his first amended complaint, Plaintiff has obtained pro bono counsel. He also was transferred from Sterling to the Cheyenne Mountain Reentry Center ("CMRC") on November 7, 2017. On December 31, 2017, Plaintiff filed his motion to amend and attached his proposed second amended complaint. Doc. 55, 55-1. He states the purpose of the amendment is

2

in large part "to add Rick Raemisch, the Executive Director of [CDOC] … as a Defendant in his official capacity."  Doc. 55 at 3.

Plaintiff also proposes to add more factual detail regarding his existing claims, and seeks to add allegations of conduct at CMRC.  Plaintiff would allege that CMRC has disciplined him and threatens additional discipline for his declining to participate in a program (the "Positive Peer Community Program") which Plaintiff believes is contrary to his religious beliefs.  Doc. 55-1 at ¶ 67.  Plaintiff also proposes to separate his two legal theories – RLUIPA and the First Amendment – into separate causes of action.

## II. ANALYSIS

*A.    Standards for Amending the Complaint*

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962).  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (citations and internal quotation marks omitted).

Defendants argue Plaintiff's proposed amendment is futile on several grounds: mootness due to Plaintiff's transfer out of Sterling, statute of limitations, failure to administratively exhaust the claim regarding events at CMRC, lack of standing to broadly request the injunctive relief

3

Plaintiff seeks, and as to Plaintiff's request for good time credit, mootness because his punishment in the disciplinary proceeding was suspended and has since been withdrawn. In his reply, Plaintiff withdrew the claim for good time credit. Doc. 64 at 8, n.4.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice LLC v. Sebelius,* 709 F.3d 1012, 1018 (10th Cir. 2013) (internal quotation marks omitted). In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). *Hunt v. Riverside Transp.*, No. Civ.A. 11-2020-DJW, 2012 WL 1893515, at *3 (D. Kan. May 23, 2012). Because the court must consider futility by the same light as a Rule 12(b)(6) motion, the court generally cannot consider matters outside of the proposed amended complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The court therefore does not consider the factual materials the parties submitted on this motion.

A claim is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556). The defendant bears the burden of showing futility. *Hunt*, 2012 WL 1893515, at *3; *see also Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010). Claims are also subject to dismissal if the allegations show some legal bar to the claim. *See, e.g., Gee,* 627 F.3d at 1193 (plaintiff's allegations

showed some of his claims were barred as untimely); *Sause v. Bauer,* 859 F.3d 1270, 1278 (10th Cir. 2017), *petition for cert. pending* (claims barred by qualified immunity were appropriately dismissed with prejudice).

B.  *Claims Regarding Conduct at Sterling.*

  1.  *Mootness*

Article III of the U.S. Constitution restricts the court to considering only active cases or controversies. Therefore, if a claim becomes moot during litigation, the court lacks jurisdiction to continue hearing the claim. As Plaintiff notes,

> When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness.

*Jordan v. Sosa,* 654 F.3d 1012, 1027 (10th Cir. 2011). "[A] plaintiff lacks standing to maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Sause,* 859 F.3d at 1277 (internal quotation marks omitted). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal ellipsis omitted).

Here, although Plaintiff alleges both Sterling and CMCR have applied the same disciplinary rule in ways that violate his freedom of religion, he does not allege the same violation of that right. Plaintiff alleges CMCR is substantially burdening his religious expression because he will not participate in a peer program; he does not allege that CMCR is prohibiting him from carrying his bible. The case law is clear that to avoid mootness, a plaintiff seeking injunctive relief must establish a good chance of suffering the same violation of the same right.

5

In *Lyons*, for instance, the court required the plaintiff to establish a "real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Lyons*, 461 U.S. at 105. In *Sause*, the plaintiff alleged one of the defendant police officers had

> threatened her again … and lectured her that freedom of speech means nothing. These allegations are insufficient to demonstrate that Sause faces a good chance of being likewise injured in the future. That is, Sause fails to establish she faces a real and immediate threat that (1) the defendants will again enter her home while investigating a crime; (2) she will again kneel and pray; and (3) the defendants will again order her to stand up and stop praying so they can harass her.

*Sause,* 859 F.3d at 1277-78 (internal quotation marks and citations omitted). Thus to avoid mootness for his claims regarding conduct at Sterling, he would have to allege the very same conduct has occurred at his new facility. Plaintiff does not do so. His claims alleging wrongs at Sterling are futile, unless he can still obtain some relief for those wrongs.

In this connection, Plaintiff argues "a claim is not moot 'when there is some possible remedy, even a partial remedy or one not requested by the plaintiff.'" Doc. 64 (reply) at 8 (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1010 (10th Cir. 2012)).

> A case is not moot when there is *some* possible remedy, even a partial remedy or one not requested by the plaintiff. ... While a court may not be able to return the parties to the *status quo ante*, ... a court can fashion *some* form of meaningful relief in circumstances such as these. … Even the possibility of a "partial remedy" is sufficient to prevent [a] case from being moot. ... Even if that relief—such as new retroactive transfer hearings with adequate procedural protections—is unlikely to result in transfers to less-restrictive conditions, it is relief nonetheless.

*Id.* at 1010 (emphasis original; internal quotation marks omitted, citing *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12–13 (1992)).

Plaintiff argues that the court could still grant partial relief on his claims regarding Sterling because the court could order expungement of his COPD conviction. In his current

6

pleading, Plaintiff requests *inter alia* "the conviction of 'COPD' violation [be] overturned." Doc. 6 at 11. In the proposed SAC (apparently before Plaintiff realized the disciplinary sentence had been suspended and later dropped), he requests an order for CDOC "to provide Plaintiff with eight (8) days of good time served," and "such other and further relief as the Court deems just and proper." Doc. 55-1 at 13.

Plaintiff has not expressly named CDOC as a defendant in his proposed amendment, but argues the claim against Executive Director Raemisch in his official capacity is the same as a claim against CDOC. "Official capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (internal quotation marks omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. CDOC received notice when the U.S. Marshals served Plaintiff's complaint. Doc. 11 (waiver of service on behalf of seven Sterling officers including the warden, signed by a representative of CDOC's office of legal services). The court will therefore refer to the proposed claims against Mr. Raemisch as claims against CDOC.

If Plaintiff ultimately proves the elements of his claims, expungement of the disciplinary conviction from Plaintiff's record is still possible to award against CDOC. To this extent, the claims alleging violations at Sterling are not moot. However, Plaintiff's claims against Defendants Brooks, Bade and Clark are moot; the court cannot order these officers in their individual capacities to take official action on behalf of Sterling or CDOC. *See, e.g., Lester v. Garrett,* No. 09-cv-01783-DME-KMT, 2010 WL 3075569, at *1 (D. Colo. Aug. 3, 2010) (citing *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1232 (10th Cir. 2005)).

7

## 2. Timeliness

Defendants argue the claims against CDOC regarding conduct at Sterling are barred by a two-year statute of limitation. As Plaintiff notes, however, the statute of limitation for RLUIPA claims is four years. 28 U.S.C. § 1658(a) ("civil action arising under an Act of Congress enacted after the date of the enactment of this section," which is Dec. 1, 1990); *Pettigrew v. Zavaras,* 574 F. App'x 801, 807 (10th Cir. 2014). The RLUIPA claim against CDOC is therefore timely.

Defendants are correct that Plaintiff's First Amendment claim brought through 42 U.S.C. § 1983 is governed by Colorado's residual two-year statute of limitation in C.R.S. § 13-80-102(1)(i). *See, e.g., Blake v. Dickason,* 997 F.2d 749, 751 (10th Cir. 1993); *Pettigrew,* 574 F. App'x at 807.

> Pursuant to Federal Rule of Civil Procedure 8(c)(1), the lapse of the statute of limitations is an affirmative defense. ... A defendant may raise a pre-answer statute of limitations defense in a Rule 12(b)(6) motion to dismiss, however, when the dates given in the complaint make clear that the right sued upon has been extinguished.

*Lawson v. Okmulgee Cty. Criminal Justice Auth.,* No. 16-7070, 2018 WL 1104553, at *3 (10th Cir. Feb. 28, 2018) (internal citations and quotation marks omitted). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato,* 549 U.S. 384, 388 (2007).

> [A] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. … The injury in a § 1983 claim is the violation of a constitutional right, and such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated.

*Lawson,* 2018 WL 1104553, at *4 (internal quotation marks and citations omitted, citing *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993); *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998)). "[W]e first identify the alleged constitutional violations and then locate when they occurred." *Id.*

8

Plaintiff's motion was not filed within two years of December 1, 2015, the date he was first disciplined for refusing to work without his bible – *i.e.,* being fired from his job, threatened with being placed in restricted population, and having Lieutenant Stegar file an incident report for investigation of Plaintiff's refusal to work without his bible. Doc. 55-1 ¶¶ 7, 43-55, 82. However, the motion is within two years of Officer Bade's decision to formally charge (January 4, 2016) Plaintiff with a COPD violation regarding his refusal to work without his bible, Officer Raymond Cole's hearing of that charge (January 8, 2016) and his conviction of Plaintiff thereon. *Id.* ¶ 57. Plaintiff alleges the COPD conviction as a second violation of his First Amendment rights. *Id.* ¶ 60.

Defendants argue the entire cause of action regarding conduct at Sterling accrued on the date he was first disciplined. They appear to consider the COPD formal charge, hearing and conviction as merely "continuing adverse effects" and a "later consequence" of the alleged constitutional violation on December 1, 2015. Doc. 57 at 4-5. Defendants cite *Industrial Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir. 1994) for the proposition that the plaintiff "need not know the full extent of his injuries before the statute of limitations begins to run."

Plaintiff replies to the contrary, he alleges "a series of discrete acts" taken by separate officers between December 1, 2015 and January 8, 2016 and each act separately violates his constitutional rights. Doc. 64 at 2-3. Plaintiff persuasively cites *Fogle v. Pierson,* 2008 U.S. Dist. LEXIS 24543, at *20 (D. Colo. Mar. 26, 2008) ("a series of decisions made by various Defendants over a multi-year period which had the result of [plaintiff] being continuously confined in administrative segregation" were discrete acts; each decision made more than two years before the complaint was filed were barred as untimely unless equitably tolled), *aff'd sub*

*nom. Fogle v. Slack*, 419 F. App'x 860, 864-65 (10th Cir. April 8, 2011); *Gambina v. Fed. Bureau of Prisons,* 2011 U.S. Dist. LEXIS 111867, at *13 (D. Colo. Sep. 28, 2011) (distinguishing between "discrete event in the past" and "a continuously-present condition of confinement"); and *Georgacarakos v. Wiley,* 2008 U.S. Dist. LEXIS 69144, at *35-39 (D. Colo. Sep. 12, 2008) (claims regarding even discrete acts that have "continuing consequences" still separately accrue). Indeed, even the case on which Defendants rely recognizes separate accrual dates for discrete acts. *Industrial Constructors*, 15 F.3d at 969 (free speech claims accrued in May 1984 and other claims accrued in August 1984). Consistent with the above cases, the court finds Plaintiff alleges separate violations of his First Amendment rights in the discipline or punishments he received between December 1, 2015 and January 8, 2016. Thus, the only portion of Plaintiff's proposed First Amendment claim against CDOC regarding Sterling that may be untimely is the discipline received before December 31, 2015.

An otherwise untimely claim may be brought by amendments that relate back to the original pleading under Federal Rule of Civil Procedure 15.

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint [90 days from date of filing], the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). "[T]he purpose of relation back is 'to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal

10

Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits.'" *Santistevan v. City of Colo. Springs,* No. 11-cv-01649-MEH-BNB, 2012 WL 280370, at *3 (D. Colo. Jan. 31, 2012) (quoting *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 550 (2010)).

"[W]hen a list of parties has 'changed,' Rule 15(c)(1)(C) governs the relation back to the original complaint." *Watts v. Smoke Guard, Inc.,* No. 14-cv-01909-WYD-NYW, 2016 WL 26503, at *2 (D. Colo. Jan. 4, 2016) (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)). *See also Pierce v. Amaranto*, 276 F. App'x 788, 792 (10th Cir. 2008). For purposes of Rule 15, "[n]otice is satisfied when the parties are so closely related in their business operations or activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* (quoting *Laratta v. Raemisch*, No. 12-cv-02079-MSK, 2014 WL 1237880, at *16 (D. Colo. March 26, 2014)).

Here, the proposed amendment to sue CDOC regarding conduct at Sterling asserts a claim that arose out of the conduct Plaintiff set out in the original and amended complaints. As noted above, CDOC received notice of this action within the time period provided by Rule 4(m) such that it will not be prejudiced. However, Rule 15(c)(1)(C)(ii) requires a "mistake concerning the proper party's identity." Defendants argue that Plaintiff is not seeking to correct "a misnomer or misdescription of a Defendant … and there is nothing … to suggest there was a mistake concerning [Mr. Raemisch's] identity." Doc. 57 at 6. Defendants cite *Garrett v. Fleming,* 362 F.3d 692, 696-97 (10th Cir. 2004). *Garrett* remains good law that a plaintiff cannot avoid the statute of limitations when he pleads claims against anonymous defendants and later seeks to identify them by name. *See, e.g., Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW,

11

2017 WL 1190558, at *7 (D. Colo. Mar. 31, 2017). But Defendants rely on *Garrett's* holding that

> the mistake proviso [in Rule 15(c)(1)] was included ... to resolve the problem of a misnamed defendant and allow a party to correct a formal defect such as a misnomer or misidentification. … [A]n amendment changing the name of a defendant … relate[s] back … only if the change is the result of such a formal defect.

*Id.* (internal quotation marks and citations omitted). This aspect of *Garrett* has been superseded by *Krupski*.[2]

> [A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Krupski,* 560 U.S. at 549.

> *Krupski* shifts the focus from whether a plaintiff actually made a mistake, as the issue is phrased in *Garrett*, 362 F.3d at 696 ("a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake'") to whether the defendant should have known that a plaintiff made a mistake. *Krupski*, 560 U.S. at 550 ("But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.").

*Estate of Roemer,* 2017 WL 1190558, at *7.

Thus although Defendants argue Plaintiff always knew the identity of the Executive Director of CDOC, the focus is instead whether Plaintiff had a mistaken understanding of the roles or status of potential defendants, of which Defendants were or should have been aware. Plaintiff was *pro se* when he filed his complaint and amended complaint, and the court therefore construes those pleadings liberally. Plaintiff began serving his sentence at Sterling in 2013 and

---

[2] Plaintiff argues Rule 15(c)(1)(C) is inapplicable because Plaintiff is not adding a new party; Plaintiff originally sued other officers of CDOC in their official capacities. However, the official capacity claims have been dismissed. Doc. 32 at 4, 13. The proposed claim against Executive Director Raemisch in his official capacity seeks to add a new party.

12

had been incarcerated there until his transfer on November 7, 2017. Approximately one month after his lawyer entered an appearance and three weeks before the limitations period for the First Amendment claim would run regarding the discipline received on December 1, 2015, CDOC transferred him to another facility. Doc. 55-1 at ¶¶ 18, 64; Doc. 55 (motion) at 2. Giving reasonable inferences to Plaintiff's allegations, he had a mistaken understanding of the roles or status of the Defendants and potential defendants as to the relief he requests going forward. It appears he misunderstood that either Defendants would remain his jailors until he was released, or that at least one of them would have ongoing authority to modify the disciplinary record he received at Sterling.

Defendants (and CDOC) should have realized that if Plaintiff correctly understood the (a) significance a transfer would have on his request to have the disciplinary conviction overturned, (*i.e.,* the officer who found the disciplinary violation would apparently not have authority to expunge that conviction after Plaintiff was transferred); and (b) that officers in their individual capacity cannot take official acts on behalf of CDOC, he would have named CDOC as a defendant sooner. *See, e.g., Laratta,* 2014 WL 1237880, at *16 (finding amendment to add Executive Director Raemisch related back because "it is clear that Plaintiff, while proceeding *pro se,* misunderstood that he had to name specific defendants in their official capacities in order to obtain declaratory and injunctive relief."); *Santistevan v. City of Colo. Springs*, No. 11-cv-01649-MEH-BNB, 2012 WL 280370, at *6–7 (D. Colo. Jan. 31, 2012) (plaintiff's amendment to add parties related back because based on factual misunderstandings of their roles or whether the officers acted in conformity with county policies). Some post-*Krupski* cases in the Tenth Circuit have not found a mistake within the meaning of Rule 15(c)(1)(C) in arguably similar circumstances, but their lack of discussion regarding *Krupski's* broadening of the concept makes

13

those cases unpersuasive here. *See, e.g., Doe v. Bd. of Cty. Comm'rs of Craig Cty.,* No. 11-cv-0298-CVE-PJC, 2012 WL 2175792, at *4 (N.D. Okla. June 14, 2012); *Kole v. Smith,* No. 14-cv-01435-WJM-KLM, 2015 WL 5026194, at *10 (D. Colo. Aug. 26, 2015).

Specifically, CDOC knew that it had the discretion and authority to transfer inmates between CDOC facilities whenever it "deems it to be in the best interests of said person and the public." *See, e.g., Schmaltz v. Zavaras,* No. 08-cv-134-MSK-CBS, 2010 WL 466149 (D. Colo. Feb. 7, 2010) (discussing C.R.S. § 16-11-308(5)). CDOC also should have known that officers in their individual capacity cannot take official acts on its behalf, and that if Plaintiff were transferred, it would at best be unclear to Plaintiff (and the court) whether Sterling officers could still modify Plaintiff's disciplinary record. This is not a scenario in which a plaintiff made "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Krupski,* 560 U.S. at 549. *See Trujillo v. City & Cty. of Denver,* 14-cv-02798-RBJ-MEH, 2016 WL 5791208 (D. Colo. Sep. 7, 2016). Plaintiff's proposed amendment to bring the First Amendment claim against CDOC meets the requirements of Rule 15(c)(1)(C), relates back to his original complaint, and thus is timely.

In sum, Plaintiff's proposed claims regarding conduct at Sterling are neither moot nor untimely as to CDOC. But his proposed claims against Defendants Brooks, Bade and Clark in their individual capacities became moot when he was transferred to CMRC and are therefore futile.

C.  *Claims Regarding Conduct at CMRC.*

Plaintiff also proposes to add his discipline at CMRC as another fact basis for his claims, particularly his RLUIPA claim.[3] To the extent Plaintiff attempts to bring this part of his claims

---

[3] The proposed First Amendment claim incorporates all preceding paragraphs but discusses only the discipline at Sterling. The court assumes that the claim includes discipline at CMRC.

against the individual Defendants, it is futile. The individual Defendants are officers at Sterling, and Plaintiff does not allege that they had any role in the discipline or threatened discipline he has received at CMRC. As to CDOC,

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). In his motion, Plaintiff did not characterize his motion as one requesting to file a supplemental pleading, but Defendants recognize Plaintiff may be raising "new alleged violations occurring at CMRC." Doc. 57 at 7, n.3.

Defendants argue that Plaintiff's allegations of conduct at CMRC "would involve new parties and would require Orwig to exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and file a new complaint." *Id.* Defendants do not cite authority establishing that Plaintiff is required to sue the individual officers at CMRC in addition to seeking injunctive relief from CDOC, and the court is unaware of any such requirement.[4]

Defendants are correct that a prisoner cannot rely on Rule 15 to avoid the administrative exhaustion requirement of § 1997e(a). *See, e.g., Deschaine v. McLaughlin,* No. 08-cv-1279-PAB-MJW, 2010 WL 935662, at *4 (D. Colo. Mar. 9, 2010), *recon. den'd,* 2010 WL 1904534 (D. Colo. May 10, 2010). However, Plaintiff's amended claim alleges (albeit conclusorily) that he has "exhausted his administrative remedies under the PLRA." Doc. 55-1 ¶ 71. Plaintiff is not required to plead detailed facts in support of that allegation because exhaustion under the PLRA is an affirmative defense for Defendants to plead and prove. *Jones v. Bock*, 549 U.S. 199, 211–

---

[4] Defendants do not argue that further discovery would be necessary; the briefs indicate Defendants deposed Plaintiff regarding his experience and discipline at CMRC. The court would look with disfavor on any request to add officers from CMRC as defendants due to the delay.

12 (2007). At this phase, the court will treat the allegation of exhaustion as true, but CDOC may raise the issue again on a factual record.

Defendants next argue Plaintiff lacks standing regarding the CMRC portion of his claims. Defendants note Plaintiff "requests in the proposed SAC that the COPD/AR 150-01 not be applied in a manner that violates Orwig's First Amendment rights or RLUIPA," and Defendants characterize this as a "vague, general request that his future … rights not be violated in a manner unrelated to the injury asserted in his Complaint." Doc. 57 at 8. Defendants argue this request causes Plaintiff to lack standing under *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-62 (1992). They further argue the Prison Litigation Reform Act only allows for prospective injunctive relief that is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C.A § 3626(a)(1)(A). Defendants appear to assume that to have a non-vague controversy and meet the PLRA's limitations, Plaintiff must state in his complaint the specific modification he seeks of the CDOC policy.

Plaintiff responds that he is making "a specific request that would effectively require Mr. Raemisch and/or the CDOC to modify the COPD to ensure that its application does not violate Mr. Orwig's rights," *i.e.,* "to modify the COPD and/or how it is enforced, so as to avoid the specific injuries alleged by Plaintiff." Doc. 64 (reply) at 7, 8 n.3 (footnote omitted). Plaintiff cites *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010)), in which the Tenth Circuit found a prisoner's RLUIPA claims were not moot as to the defendant director of the Oklahoma Department of Corrections, despite his having been transferred to another facility. His claims involved an ODOC-wide policy which the ODOC director had authority to modify if the plaintiff proved his claims. *Id.* The court did not analyze the specificity (or lack thereof) in the prisoner's

16

request for injunctive relief, but the case implies that it is unnecessary to plead the specific policy modification that the plaintiff requests. Indeed, Rule 8 just requires "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). At this phase, the court construes the allegations and their reasonable inferences in the light most favorable to Plaintiff. *Sanchez,* 810 F.3d at 754. The court construes Plaintiff's request for injunctive relief as seeking modification of CDOC's policy in a manner that will not violate Plaintiff's rights in connection with the facts he alleges. As such, Defendants have not shown Plaintiff lacks standing or fails to state a claim under PLRA.

In short, the proposed claims regarding conduct at CMRC are futile as to Defendants Brooks, Bade and Clark but are not futile as to CDOC.

### III. CONCLUSION

For the foregoing reasons, the court RECOMMENDS granting in part and denying in part Plaintiff's motion to amend as follows. The court recommends denying the motion as to the proposed claims against Defendants Brooks, Bade and Clark; these claims are moot and therefore futile. The court further recommends denying the motion as to the request for good time credit; this part of Plaintiff's claim is moot, and Plaintiff has withdrawn it. The court further recommends granting the motion as to Plaintiff's RLUIPA and First Amendment Claims against Mr. Raemisch in his official capacity as Executive Director of CDOC.

Plaintiff shall omit the moot claims, shall drop Defendants Brooks, Bade and Clark as defendants, and if he intends to bring a First Amendment claim on the alleged conduct at CMRC shall clarify the claim to make that plain. Plaintiff shall then file his second amended complaint within 7 days of Judge Brimmer overruling objections to this recommendation, or if no objections are filed, then within 7 days of the expiration of the deadline to object.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: April 23, 2018.

BY THE COURT:

_____
United States Magistrate Judge